# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MITCHELL D. GREEN,**

        **Petitioner,**

    **v.**                               **Case No. 24-CV-295**

**MILWAUKEE CIRCUIT COURT,**

        **Respondent.**

## ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

On March 6, 2024, Mitchell D. Green filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Green is currently released on bond awaiting retrial in case number 2019CF000914 in Milwaukee County Circuit Court. As such, he is in custody within the meaning of 28 U.S.C. § 2241.

Green seeks leave to proceed without prepaying the filing fee. (ECF No. 1-2.) Based on the information contained in his motion, Green lacks the resources to pay the fee and his motion is **granted**.

In accordance with Rule 1(b) of the Rules Governing Section 2254 Cases and Civil L.R. 9(a)(2), the court applies the Rules Governing Section 2254 cases to petitions for a

writ of habeas corpus under 28 U.S.C. § 2241. The court must now screen the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, which states,

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Green seeks habeas relief on double jeopardy grounds. He asserts that retrying the case would violate his double jeopardy right because his first trial was aborted by a mistrial declared without his consent and without manifest necessity. (ECF No. 1 at 14.) Green has pursued relief in the Wisconsin Court of Appeals and Wisconsin Supreme Court (ECF No. 1 at 3), and therefore has plausibly exhausted his state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A). There is no indication that he has previously sought federal habeas relief. *See* 28 U.S.C. § 2244(b). And he represents that he filed his petition within one year of the Wisconsin Supreme Court's decision. (ECF No. 1-1 at 1-2.); *see also* 28 U.S.C. § 2244(d). Consequently, the court is unable to say that it is plainly apparent that the petitioner is not entitled to relief. The respondent shall answer the petition.

The Clerk of Court shall promptly serve the respondent by service of a copy of the petition and this order upon the State of Wisconsin Attorney General.

No later than **60 days after this order**, the respondent shall answer the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases. The petitioner shall

2

then submit a brief in support of his petition no later than **28 days thereafter**. The respondent shall submit a brief in opposition no later than **28 days thereafter**. The petitioner may reply no later than **21 days thereafter**.

Alternatively, the respondent may move to dismiss the petitioner's petition no later than **60 days after this order**. In the event the respondent moves to dismiss the petition, the petitioner shall respond to that motion no later than **28 days thereafter**. The respondent may then reply no later than **28 days thereafter**.

Unless the court determines that additional proceedings are necessary, this shall conclude the briefing. The court will then resolve the petition on the written record.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 11th day of March, 2024.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge